**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JEFFREY HILLBO** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **Civil Action No. _____** |
| **VS.** | § | |
| | § | |
| | § | |
| **ALTITUDE ENERGY, LLC** | § | |
| *Defendant.* | § | **JURY DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff Jeffrey Hillbo (hereinafter referred to as "Plaintiff") and files this

his *Complaint,* and in support state as follows:

## PARTIES

1.     Jeffrey Hillbo is a citizen of the State of Texas and is domiciled in Harlingen, Texas.

2.     Defendant Altitude Energy, LLC (hereinafter referred to as "Defendant") is a

corporation whose principal place of business is located at 26400 I-76 Frontage, Rd, Keenesburg,

Colorado 80643. Defendant's state of incorporation is Colorado. The defendant may be served

with process by serving summons and a copy of this Complaint by serving its agent of process at:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th

Street, Suite 620, Austin, Texas 78701 USA.

## JURISDICTION

3.     This Court has diversity jurisdiction pursuant to 28 USC § 1332 based on the

complete diversity of citizenship between the parties and because the amount of controversy

exceeds $75,000.00.

1

**VENUE**

4.      Venue is proper in the Southern District of Texas because Plaintiff's losses occurred in Cameron County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to Plaintiff's claims and causes of action occurred in Cameron County, Texas, which is within the Southern District of Texas.

**FACTS**

5.      On or about March 27, 2025, Defendant Altitude Energy, LLC ("Altitude Energy") performed an installation and other related construction work in the vicinity of Plaintiff's property located at 21411 Hoening Rd, Harlingen, TX 78550 (the "Property") as part of a larger construction project (the "Project").

6.      In connection with the Project, Altitude Energy, through its employees, agents, contractors, and other persons acting under its direction and control (collectively, the "Work Crew"), utilized heavy equipment and performed excavation, demolition, construction, and backfilling activities near the Property.

7.      Despite Plaintiff's express refusal to grant permission for entry onto or operations within the Property, the Work Crew nevertheless entered onto and/or caused equipment, materials, and construction activities to extend onto the Property. In doing so, the Work Crew materially altered existing drainage patterns and site conditions, including obstructing and/or covering drainage systems adjacent to the residence. These actions caused stormwater and debris to be diverted onto and into the Property, resulting in substantial damage to the yard, driveway, and both the interior and exterior of the residence.

8.      Plaintiff repeatedly notified members of the Work Crew that they lacked authorization to enter or operate on the Property and demanded that all unauthorized activity cease.

Plaintiff further documented the unauthorized entry and resulting damage by filing police reports. Notwithstanding these objections and warnings, the Work Crew continued its operations in close proximity to, and in some instances on, the Property.

9. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant property damage, interference with the use and enjoyment of the Property, loss of personal property, and related losses, all of which are continuing in nature.

## CAUSES OF ACTION

### Negligence

10. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendant Altitude Energy, LLC ("Defendant") owed Plaintiff a duty to perform its construction, excavation, and related activities with ordinary and reasonable care so as not to cause foreseeable injury or damage to adjacent property owners, including Plaintiff and the Property.

11. Defendant breached that duty by, among other acts and omissions when it improperly authorized, directed, and/or allowed its employees, agents, contractors, and Work Crew to operate heavy equipment, perform excavation and backfilling activities, and conduct construction operations in a manner that damaged the Property. Upon information and belief, Defendant breached its duty of reasonable care by, among other things, failing to verify property boundaries, implement adequate drainage and erosion controls, conduct proper site assessments, follow applicable construction standards, and properly supervise its Work Crew, while operating heavy equipment in a manner that altered natural drainage and damaged Plaintiff's Property. Defendant further breached its duty by entering the Property without authorization, obstructing existing drainage systems, and continuing its activities without remediation despite actual notice that its conduct was causing ongoing damage.

12. As a result of Defendant's breach, Defendant obstructed drainage systems, and caused water and debris intrusion onto and into the Property, despite being informed that it lacked permission to enter and that its activities were causing harm.

13. Defendant's breaches were a direct and proximate cause of Plaintiff's damages, including but not limited to damage to the yard, driveway, and residence, as well as loss of use and enjoyment of the Property and loss of personal property. Bur for Defendant's acts, the damages would not have occurred and were a foreseeable result of Defendant's negligent acts and/or omissions.

## Gross Negligence

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendant's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff's Property.

15. Defendant had actual, subjective awareness of the risk created by its conduct, including repeated notice that it lacked permission to enter the Property and that its operations were causing damage, yet proceeded with conscious indifference to the rights, safety, and property interests of Plaintiff. Defendant had actual, subjective awareness of the risks and resulting harm, as evidenced by Plaintiff's repeated, direct objections and express denial of permission to enter the Property, as well as Plaintiff's complaints that Defendant's activities were causing drainage issues, water diversion, and property damage. This awareness is further demonstrated by the obvious and observable nature of the drainage obstruction and resulting water accumulation, and by Defendant's continued presence and operation of its Work Crew on or immediately adjacent to the Property despite such notice.

16.     Despite this knowledge, Defendant proceeded with conscious indifference by continuing excavation, backfilling, and heavy equipment operations without modification, failing to implement corrective drainage measures after being placed on notice of the harm, disregarding Plaintiff's property rights and complaints, and allowing the hazardous condition it created to persist and worsen.

17.     Defendant's conduct constitutes gross negligence under Texas law, entitling Plaintiff to recover exemplary damages.

### Negligence Per Se

18.     Defendant's conduct constitutes negligence per se and a violation of the Texas Water Code because it breached duties imposed by statutes and regulations designed to prevent the very type of harm suffered by Plaintiff, namely flooding, water diversion, and property damage.

19.     Upon information and belief, Defendant violated applicable local drainage and stormwater regulations, municipal construction codes, and/or the Texas Water Code § 11.086, which provides that no person may divert or impound the natural flow of surface waters in this state, or permit such diversion or impoundment to continue, in a manner that damages the property of another.

20.     Here, Defendant's excavation, backfilling, and construction activities obstructed existing drainage systems and altered the natural flow of surface water, causing water and debris to be diverted onto and into Plaintiff's Property. These statutory and regulatory violations establish a breach of duty as a matter of law and independently give rise to liability, as Defendant's unlawful diversion of surface water was a direct and proximate cause of Plaintiff's damages.

**Trespass To Real Property**

21.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Under Texas law, trespass to real property occurs when a person intentionally enters, causes entry upon, or remains on another's property without authorization.

22.     Defendant, through its Work Crew, intentionally entered and/or caused equipment, personnel, and construction activities to enter into Plaintiff's Property without consent or legal authorization. Plaintiff expressly denied permission for any entry or operations on the Property, yet Defendant disregarded those instructions and continued its activities.

23.     Defendant's unauthorized entry interfered with Plaintiff's exclusive possession of the Property and directly resulted in physical damage, including damage to the yard, driveway, and water intrusion into the residence. Plaintiff is entitled to recover all damages proximately caused by Defendant's trespass.

**Negligent Hiring, Retention, And Supervision**

24.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendant owed Plaintiff a duty to exercise reasonable care in the hiring, retention, training, and supervision of its employees, agents, contractors, and Work Crew, including ensuring that such individuals were competent, properly supervised, and did not engage in unauthorized or damaging conduct.

25.     Defendant breached this duty by failing to properly hire, train, supervise, and control its Work Crew, and by allowing unfit or improperly supervised personnel to conduct excavation, demolition, and construction activities in close proximity to Plaintiff's Property without adequate safeguards, authorization controls, or supervision.

26.     As a result of Defendant's negligent hiring, retention, and supervision, the Work Crew engaged in unauthorized entry and negligent construction activities that caused obstruction of drainage systems, water intrusion, and extensive property damage to the Property.

27.     Defendant's breaches were a proximate cause of Plaintiff's damages.

## JURY DEMANDED

Plaintiff requests that all causes of action herein be tried before a jury consisting of citizens residing in Cameron, County, Texas. Plaintiff tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, and all punitive and exemplary damages that may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgement and postjudgement interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Dated: April 23, 2026

Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
Texas State Bar No. 24079813
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
civilcomplex@omarochoalaw.com

***Attorney for Plaintiff***

7